## Ex parte WHITE.

No. A-11716.   Feb. 20, 1952.

(241 P. 2d 417.)

Miskovsky & Miskovsky, Fred D. Harber, and Forest Simon, Oklahoma City, for petitioner.

Mac Q. Williamson, Atty. Gen., James Garrett, Asst. Atty. Gen., and Hubert Gibson, Asst. County Atty., Oklahoma County, Oklahoma City, for respondent.

BRETT, P. J. The petitioner, Jane McDaniel White, was charged in Oklahoma county, Oklahoma, with the crime of murder. At the preliminary examination she was held to the district court of Oklahoma county, Oklahoma, on a preliminary information filed against her on the 7th day of February 1952, and said petitioner is now confined in the Oklahoma county jail at Oklahoma City, Oklahoma. Application was made to the district court of Oklahoma county by petition for a writ of habeas corpus for bail, and bail was denied by Honorable W. A. Carlile, judge of the district court within and for Oklahoma county. Judge Carlile's denial was predicated solely upon the testimony of the peace officers and a purported dying declaration of the victim of said crime. In that proceeding the defendant Jane McDaniel White refused to testify and therein the evidence adduced at said time presented a case of probable cause that the crime of murder had been committed.

Herein the petitioner has filed her application in this court for a writ of habeas corpus stating that she is not guilty of the crime of murder as charged, and that proof of guilt of the charge of murder is not evident nor that the presumption thereof is great. This petition was heard by agreement of the parties in this court on February 11, 2:00 p.m., o'clock, 1952. It is unnecessary to give a detailed statement of the testimony presented at the hearing before this court. A transcript of the testimony taken in the district court of Oklahoma county on application for a writ of habeas corpus was introduced, and oral testimony was also heard by this court. In said oral testimony the defendant took the witness stand and testified in her own behalf denying the charge as alleged and detailing her contact and association with the victim of the alleged crime. In this, the Criminal Court of Appeals had proof on behalf of the defendant which the said Honorable W. A. Carlile did not have before him at the time the said ruling was made on the application for bail before him. Without commenting on the evidence it is our conclusion that the petitioner sustained the burden of showing that the proof of her guilt of murder is not evident nor the presumption thereof great. The court was of the opinion that the petitioner should be admitted to bail and an order was made and entered fixing said bail in the sum of $20,000.

It was therefore ordered, that the writ of habeas corpus be granted, and petitioner be admitted to bail in the sum of $20,000, said bond to be conditioned as provided by law, to be approved by the Honorable Howard M. Boyer, justice of the peace, wherein said preliminary information is pending; and that when said bond as given is approved by the said Howard M. Boyer, justice of the peace of said county, the petitioner to be discharged from custody.

JONES and POWELL, JJ., concur.